UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

KEITH JOREL HUDSON,

        Defendant.

:

Case No. 2:20-cr-00071
Judge Sarah D. Morrison

## OPINION AND ORDER

This matter is before the Court following a remand hearing held on May 10, 2023, on whether there was good cause for substitution of Keith Jorel Hudson's counsel post-plea but before sentencing. For the reasons stated at the hearing and below, the Court finds there was not good cause to substitute counsel.

### I. BACKGROUND

After Mr. Hudson signed a plea agreement (ECF No. 45) and the Court accepted his guilty plea (ECF Nos. 50, 52, 54), he sent the Court two letters. The first was dated June 10, 2021 (ECF No. 56), and the second was dated June 29, 2021 (ECF No. 58). In the letters, he asserts his counsel was ineffective, lists reasons why he believes she was ineffective, and explains that he wants to withdraw his plea. (ECF Nos. 56, 58.)

The Court construed Mr. Hudson's first letter as a motion to withdraw his guilty plea and the second as a motion to withdraw his attorney, and held a hearing to address Mr. Hudson's letters on July 19, 2021. (ECF No. 61.) At the hearing, the

Court denied Mr. Hudson's motion to withdraw his attorney, explaining Mr. Hudson had hired his attorney, the Court was not going to interfere with the attorney-client relationship, and Mr. Hudson could hire a new attorney if he was dissatisfied. (*Id.*) The Court also denied Mr. Hudson's motion to withdraw his guilty plea. (*Id.*) Mr. Hudson sent a third letter to the Court after the hearing, in which he reiterated his concerns about his counsel. (ECF No. 63.)

Mr. Hudson was sentenced to 22 years' imprisonment after pleading guilty to five robbery-related offenses. (ECF No. 71.)

Mr. Hudson appealed and argued, among other things, that the Court erred when it denied his motion to withdraw his attorney shortly after he had entered into a plea agreement.[1] *United States v. Hudson*, No. 21-4126, 2023 WL 1463701, at *1 (6th Cir. Feb. 2, 2023). He argued that the Court had failed to conduct an adequate inquiry into his dissatisfaction with counsel. *Id.* The United States Court of Appeals for the Sixth Circuit agreed, vacated this Court's denial of Mr. Hudson's motion, and remanded for further proceedings. *Id.* at *10. The Sixth Circuit provided the following guidance on remand:

> Balancing the foregoing factors, we conclude that the district court abused its discretion in summarily denying Hudson's request for substitute counsel. The court's duty to make further inquiry into Hudson's concerns existed regardless of whether he had appointed or privately retained counsel. This duty reflects the significant values at stake where a criminal defendant timely seeks a substitute attorney in good faith. Accordingly, we remand for the district court to determine whether substitution was appropriate at the time Hudson made his request—particularly given our finding that the record is inadequate on

---

[1] The Sixth Circuit rejected Mr. Hudson's argument that the Court had abused its discretion by failing to inquire into his expressed dissatisfaction with counsel at his change of plea hearing. *Hudson*, 2023 WL 1463701, at *5.

2

the good-cause prong. *See Martel* [*v. Clair*, 565 U.S. 648, 666 n.4 (2012)] ("[If] the District Court had abused its discretion in denying [defendant's] substitution motion without inquiry[,] [t]he way to cure that error would have been to remand to the District Court to decide whether substitution was appropriate at the time of [defendant's] letter."); [*United States v. Collado-Rivera*, 759 F. App'x 455, 466 (6th Cir. 2019)] (remanding under like circumstances); [*United States v. Jennings*, 83 F.3d 145, 149 (6th Cir. 1996)] (same). If, after conducting the requisite inquiry, the court finds that Hudson's request lacked good cause, then further proceedings are unnecessary. However, if the court finds that Hudson did have good cause to replace his attorney at the time in question, he is entitled to new counsel to explore the merits of the claims set forth in his letters and for re-sentencing. *Collado-Rivera*, 759 F. App'x at 467; *Jennings*, 945 F.2d at 132. In that event, the court shall also determine whether Hudson requires appointed counsel for further proceedings.

Upon receipt of the Mandate from the Sixth Circuit, the Court set a remand hearing. (ECF No. 94.)

## II.   ANALYSIS

When the Sixth Circuit reviews a denial of a motion to substitute or withdraw counsel, it generally considers four factors:

> (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) balancing the factors with the public's interest in the prompt and efficient administration of justice.

*United States v. Steele*, 919 F.3d 965, 973 (6th Cir. 2019) (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)); *see Hudson*, No. 21-4126, 2023 WL 1463701, at *5.

As to the timeliness of the motion, the Sixth Circuit found Mr. Hudson's request was timely, so the Court need not examine this factor on remand. *Id.* at *6; (*see* ECF Nos. 50, 52, 54, 56, 58, 63).

3

The purpose of the May 10 hearing was to make a detailed inquiry into Mr. Hudson's motion to withdraw his counsel to satisfy the second *Mack* factor. The Court began the hearing by allowing Mr. Hudson the opportunity to expound on his June 2021 letters. (ECF No. 95.) The Court asked about Mr. Hudson's concerns with his counsel, Jo Kaiser, and why he wanted to fire her. Mr. Hudson explained he felt like he could not help with his own case and that he and Ms. Kaiser did not have good communication.

When the Court gave Ms. Kaiser the opportunity to speak about her representation of Mr. Hudson and their attorney-client relationship, she shared that in preparation for the hearing, she had completed a public records request. Between August 28, 2020 and May 18, 2021, she had visited Mr. Hudson ten times at the jail.[2] Ms. Kaiser's jail visits occurred during the height of the COVID-19 pandemic.[3] Ms. Kaiser also explained that she believed it is "very, very difficult to face incarceration" for the length of Mr. Hudson's sentence. She described how she went over all of the discovery and evidence with Mr. Hudson. She explained that the Magistrate Judge's discussion with Mr. Hudson during the change of plea hearing was thorough, that she had gone over the plea agreement with her client, and he

---

[2] Ms. Kaiser appeared as Mr. Hudson's counsel on September 2, 2020 (ECF No. 25), and the Court accepted Mr. Hudson's guilty plea in early June 2021 (ECF No. 54).

[3] *See* COVID Data Tracker, Center for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#trends_weeklyhospitaladmissions_select_00 (last visited May 16, 2023); *see* Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are not reasonably disputed because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

4

had represented he was satisfied with everything. Ms. Kaiser stated that at sentencing, Mr. Hudson was aware of what was going on. She concluded that she had represented Mr. Hudson to the best of her ability.

The Court gave Mr. Hudson an opportunity to respond, and he said that evidence was not presented to him, he felt pressured to sign a plea agreement, and the Government's witnesses were lying. The Court reminded Mr. Hudson that at the change of pea hearing there was much discussion of the evidence against him, that he was under oath, and that he said he understood and did want to plead guilty. The Court also explained that attorneys are licensed professionals who must exercise their professional judgment and cannot always do everything their clients want them to do.

The Court let the Government be heard. The Government argued, among other things, that Mr. Hudson was not credible because he was contradicting statements he made under oath at the change of plea hearing, and that Mr. Hudson had chosen to accept the plea agreement and signed it. The evidence against Mr. Hudson, the Government continued, was strong and his crimes were dangerous. The Government also described Ms. Kaiser as experienced, professional, thorough, and capable.

When the Government concluded, Mr. Hudson was given another opportunity to respond and clarify his concerns about Ms. Kaiser.

Throughout the hearing, the Court gave Mr. Hudson multiple opportunities to speak and explain the attorney-client conflict as he perceived it. Four times the

5

Court asked Mr. Hudson whether there was "anything else" or "anything further" he would like to speak on as to the attorney-client relationship and his complaints. (ECF No. 95.)

At the end of the hearing, the Court found that substitution of counsel was not required because it did not find that the communication between Mr. Hudson and Ms. Kaiser had totally broken down. "[A]t most, what occurred was that Mr. Hudson was dissatisfied with the responses" he had received from Ms. Kaiser, and he "had buyer's remorse." (ECF No. 95.)

Caselaw in this Circuit indicates the third *Mack* factor requires more than dissatisfaction with counsel. A complete communication breakdown between the defendant and attorney must have occurred, preventing an adequate defense. *United States v. Jennings*, 83 F.3d 145, 149 (6th Cir.), *as amended on denial of reh'g and reh'g* en banc*, 96 F.3d 799 (6th Cir. 1996); *see also United States v. Collado-Rivera*, 830 F. App'x 161, 164 (6th Cir. 2020) (finding no abuse of discretion and affirming district court after a remand hearing where the district court "concluded that Collado-Rivera and his counsel had strategic disagreements, but those disagreements did not amount to a complete breakdown in communication"); *United States v. Dudley*, No. CR 15-34-ART, 2016 WL 6808299, at *4 (E.D. Ky. Nov. 16, 2016) (finding counsel and defendant's "relationship [did] not seem so frayed that they could not undertake th[e] relatively simple task together" of preparing for a sentencing hearing where the length of the sentence had been determined by a plea agreement). No such total breakdown occurred here.

6

The Court also doubts the credibility of Mr. Hudson's statements about his attorney-client relationship given the number of times he has changed his story during the May 10 hearing and throughout this case. For example, at the beginning of the May 10 hearing, Mr. Hudson stated his counsel concerns related to being unable to assist in his own defense and poor communication with Ms. Kaiser. But later, he stated Ms. Kaiser failed to present evidence to him and witnesses were lying. The latter reasons are different from the former; they also contradict Mr. Hudson's testimony at the change of plea hearing in front of the Magistrate Judge. (*See* Change of Plea, ECF No. 60, 10:14–22; 11:14–22.)

As another example, during the May 10 hearing and in his letters, Mr. Hudson stated he did not want to plead guilty. But at the change of plea hearing, Mr. Hudson told the Court that he had read the entire plea agreement, had spoken to his lawyer about it before signing it, and understood and agreed to all of its terms. (Change of Plea, 33:16–34:3); *see Hudson*, 2023 WL 1463701, at *5.

The Court concludes that the third *Mack* factor weighs against Defendant because the conflict between Mr. Hudson and his counsel was not so great that it resulted in a total lack of communication preventing an adequate defense.

The Sixth Circuit explained that as to the fourth factor, Mr. Hudson's right to counsel of his choice is balanced against the public's interest in prompt and efficient administration of justice, and concluded that the factor weighed in Mr. Hudson's favor. *Hudson*, 2023 WL 1463701, at *10.

## III. CONCLUSION

While the first (timeliness) and fourth (balancing the right to counsel with the public's interest in prompt and efficient administration of justice) factors weigh in Mr. Hudson's favor, the third (nature of conflict between attorney and client) factor weighs against him. The Court held the May 10 hearing to satisfy the second (adequacy of the inquiry) factor, and so that factor weighs against Mr. Hudson. After conducting the requisite inquiry, the Court finds that Mr. Hudson's request to withdraw his attorney lacked good cause, so substitution of counsel for re-sentencing is unnecessary.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**